IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00827-PAB

EDUARDO LOPEZ AGUILAR,

     Petitioner,

v.

JUAN BALTASAR,[1] Warden of Detention Facility, in his official capacity, et al.,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Eduardo Lopez Aguilar Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 8.

## I. BACKGROUND[2]

Petitioner is an "alleged citizen of Guatemala." Docket No. 1 at 5, ¶ 15. In 1999, petitioner entered the United States without inspection. *Id.* at 14, ¶ 46. Petitioner has no known criminal convictions. *Id.* at 14-15, ¶ 49. He has a prior citation for Driving Without a Valid Driver's License, but it was dismissed. *Id.* In December 2025,

---

[1] The proper spelling of this respondent's name appears to be Baltazar. *See, e.g., De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217 (D. Colo. Feb. 16, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600 (D. Colo. Feb. 13, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163 (D. Colo. Jan. 26, 2026); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025).

[2] The following facts are taken from the petition. Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 8.

Immigration and Customs Enforcement ("ICE") took petitioner into custody. *Id.* at14, ¶ 47. ICE charged petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.*, ¶ 48. Petitioner requested an immigration bond. *Id.* at 15, ¶ 51. On February 17, 2026, an immigration judge concluded that she lacked jurisdiction to conduct a bond hearing. *Id.* Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*, ¶ 50.

On February 27, 2026, petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *Id.* Petitioner brings a claim for violation of the Immigration and Nationality Act ("INA"), alleging that respondents are not adhering to the requirements of 8 U.S.C. §§ 1225 and 1226 (Count One); a claim for violation of due process (Count Two); and a claim for violation of the Administrative Procedure Act (Count 3). *Id.* at 15-19. Petitioner asks the Court to order petitioner's immediate release or, in the alternative, order respondents to provide petitioner a bond hearing pursuant to U.S.C. § 1226(a). *Id.* at 19-20.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of noncitizens, like petitioner, "who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents." Docket No. 1 at 16, ¶ 54. Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing. *See id.* at 20. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States without having been admitted."

2

Docket No. 8 at 2.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *Id.*

On several occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta v. Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  Docket No. 8 at 3.  Respondents state that they submit an abbreviated response "to conserve judicial and party resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal."  *Id.* at 2.  Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit.  *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025).  "Respondents acknowledge that until the Tenth

Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from the case for the purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.[3] *Id.*

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025). Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case. Docket No. 8 at 1-2. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on Count One and order respondents to provide petitioner a bond hearing[4] within seven days of the date of this order.[5]

---

[3] Respondents specify that they do not consent to issuance of the writ. Docket No. 8 at 3.

[4] Rather than order petitioner's release, the Court will order respondents to provide petitioner a bond hearing within seven days of the date of this order. *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court.").

[5] Because the Court will grant the habeas petition on the basis of Counts One, it will not reach Count Two, petitioner's due process claim, or Count Three, petitioner's AAP claim. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at

4

Petitioner's request that he not be transferred outside the District of Colorado while his petition is pending is moot.  *See* Docket No. 1 at 19.  The Court declines to issue a declaration that petitioner's detention is unlawful because this request is moot. *See id.* at 20.   A "declaratory relief claim is moot if the relief would not affect the behavior of the defendant toward the plaintiff."  *Robert v. Austin*, 72 F.4th 1160, 1164 (10th Cir. 2023) (citation omitted).  A declaration that petitioner's detention was unlawful would not affect respondents' behavior toward petitioner now that the Court has ordered respondents to provide petitioner with a bond hearing.  *See Vaupel v. Ortiz*, 244 F. App'x 892, 896 (10th Cir. 2007) (holding that petitioner's declaratory claims for relief were moot after petitioner's release and deportation, declining "to issue an advisory opinion regarding the legality of [petitioner's] detention, because a declaratory judgment on that question would have no meaningful effect on the Department of Homeland Security's future conduct towards him") (internal quotation, alteration, and citation omitted).

As for petitioner's request for attorney's fees, *see* Docket No. 1 at 20, the Court will not consider the request because petitioner fails to comply with the Local Rules of the District of Colorado.  A motion for attorney fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and

---

*8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

5

experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

## III. CONCLUSION

Therefore, it is

**ORDERED** petitioner Eduardo Lopez Aguilar's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED March 16, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge